**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

THEODORE HOOKS,

          Plaintiff,

vs.

DELTA AIR LINES, INC., *et al.*,

          Defendants.

2:13–cv–1892–JCM–VCF

**ORDER**

      Before the court are Plaintiff Theodore Hooks' Motion/Application to Proceed *In Forma Pauperis* (#1[1]) and Complaint (#1-1).

### *IN FORMA PAUPERIS* APPLICATION

      Plaintiff Theodore Hooks asserts in his application to proceed *in forma pauperis* that he is currently employed at Treasure Island Hotel & Casino and currently makes $797.00 biweekly. (#1). Plaintiff also asserts that he has no money in a checking or savings account and that he incurs approximately $900.00 in monthly living expenses. (*Id*.) Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

### LEGAL STANDARD

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or

---

[1] Parenthetical citations refer to the court's docket.

1

seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 is to enable the court to determine whether the plaintiff has stated "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Rule 8(a)(2) pleading standard does not require detailed factual allegations. *Id*. at 678. However, to state "a plausible claim for relief," a complaint must contain both sufficient factual allegations (*i.e.*, names, dates, and facts) and legal conclusions (*i.e.*, specific laws defendants allegedly violated) that create a reasonable inference of liability. *See Iqbal*, 556 U.S. 662, 678–79. In other words, a complaint that merely offers "labels and conclusions" will be dismissed. *Id*.

Hooks' complaint satisfies Rule 8's standard. In November 2010, Hooks, who is African American, alleges that he was employed by Delta Airlines as a baggage handler and ramp agent. (Compl. (#1-1) at 3). During this time with Delta, two of Hooks' supervisors repeatedly discriminated

2

against him based on Hooks' race. (*Id*.) Defendants Kevin Dalton and Nelson Hykes allegedly called Hooks' "a nigger" and refused to allow Hooks to take scheduled breaks, despite the fact that while employees were permitted to take breaks. (*Id*.) Following Dalton and Hykes' alleged discrimination against Hooks, Hooks filed an employee grievance with Delta. (*Id*. at 5). Apparently, no action was taken. (*Id*.) On the contrary, Hooks was instructed to return to work under Dalton and Hykes who allegedly continued to harass and discriminate against Hooks by calling him "boy." (*Id*.)

During this time, Hooks suffered a work-related injury. (*Id*.) Dalton and Hykes sent Hooks home, allegedly on account of his injury. (*Id*.) In reality, however, Dalton and Hykes forced Hooks to resign, presumably to retaliate against Hooks for having filed an employee grievance against them. (*Id*.) Sometime later, Hooks applied for worker's compensation, which was denied. (*Id*.)

Now, Hooks brings the instant complaint alleging that Delta, Dalton, and Hykes discriminated against Hooks on account of his race (Count I), retaliated against him because he filed an employee grievance (Count II), and wrongfully terminated him from his position at Delta Air Lines Count III. (*Id*.) The court finds that these claims are facially "plausible." *See Iqbal*, 556 U.S. at 679 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Additionally, according to the facts plead, Hooks appears to have filed his complaint within the four year statute of limitations governing section 1981 claims. *See* 28 U.S.C. § 1658.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

1    IT IS FURTHER ORDERED that the Clerk of Court file the complaint, issue summons to the Defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any.  If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, plaintiff will serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 28th day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE