1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9    THEODORE HOOKS,                        )
                                            )
10                                          )
                      Plaintiff,            )
11                                          )        2:13-cv-001892-JCM-VCF
                                            )
12   vs.                                    )
                                            )
13   DELTA AIR LINES, INC., et al.,         )        **ORDER**
                                            )
14                                          )
                      Defendants.           )
15   _____ )

16          On June 20, 2014, the Court ordered Plaintiff Theodore Hooks to show cause in writing, no

17   later than July 7, 2014, why he should not be sanctioned pursuant to Federal Rule of Civil Procedure

18   16(f) and Local Rule IA 4-1.  Docket No. 20.  Plaintiff failed to respond to the order to show cause.

19   *See* Docket.  The Court finds this matter properly resolved without oral argument.  *See* Local Rule

20   78-2.  For the reasons discussed below, the Court hereby **SANCTIONS** Plaintiff as follows.

21   **I.  BACKGROUND**

22          Plaintiff is proceeding in this action *pro se* and *in forma pauperis*.  On April 4, 2014, the

23   Court issued an order requiring the parties' Early Neutral Evaluation (ENE) statements to be

24   delivered to chambers no later than May 6, 2014.  Docket No. 15.  The Court did not receive an ENE

25   statement from Plaintiff and, on May 8, 2014, ordered Plaintiff to submit an ENE statement no later

26   than May 12, 2014.  Docket No. 17.  Plaintiff, again, failed to submit an ENE statement, and the

27   Court vacated the ENE conference as a result.  Docket No. 18.  On June 20, 2014, the Court issued

28   the pending order to show cause why Plaintiff should not be sanctioned for failing to comply with

1  the Court's orders.  Docket No. 20.  Plaintiff's response to that order to show cause was due no later

2  than July 7, 2014.  *See Id.*  Plaintiff failed to respond.  *See* Docket.

3  **II.  STANDARDS**

4       Parties and attorneys are required to follow Court orders.  Rule 16(f)[1] requires parties and

5  attorneys to comply with pretrial orders and provides that a judge may order appropriate sanctions,

6  including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance.  Whether the party and/or

7  its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when

8  the parties and their counsel disobey a court order.  *See Lucas Auto. Eng'g, Inc. v. Bridgestone/*

9  *Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir.2001) (sanctions may be imposed when disobedience of

10  order is unintentional).  Rule 16(f) "was designed not only to insure the expeditious and sound

11  management of cases for trial, but to deter conduct that unnecessarily consumes 'the Court's time

12  and resources that could have been more productively utilized by litigants willing to follow the

13  Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603

14  (E.D.Cal.1999) (quoting *Mulkey v. Meridan Oil, Inc.*, 143 F.R.D. 257, 262 (W.D.Okla.1992)).

15       Similar to Federal Rule 16(f), this Court's Local Rules also provide the Court with authority

16  to impose "any and all appropriate sanctions on . . . [a] party appearing *pro se* who, without just

17  cause . . . [f]ails to comply with any order of this Court."  Local Rule IA 4–1.

18  **III.  ANALYSIS**

19       It is undisputed that Plaintiff violated three Court orders.  He violated the Court's April 4,

20  2014, and May 8, 2014, orders to submit an Early Neutral Case Evaluation statement.  Plaintiff

21  further violated the Court's Order of June 20, 2014, to show cause by not responding or requesting

22  an extension of time in which to respond.  The Court's order to show cause advised Plaintiff that

23  failure to timely comply with the Court's Orders may result in "a Court fine of $1,000."  Docket No.

24  20.  In light of the failure to respond to the order to show cause, it appears that there is no

25  justification for these shortcomings and that sanctions are warranted.

26  . . .

27  _____

28      [1]Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil
Procedure.

1    This Court's Orders were clear.  Plaintiff's failure to abide by the Court's Orders has

2  disrupted this Court's management of its docket and resulted in additional expense in the

3  administration of this case.  *See Sanders v. Union Pacific Railroad Co.,* 154 F.3d 1037, 1041 (9th

4  Cir.1998) ( "In our continuing efforts to achieve justice for individual litigants, we must not allow

5  the flagrant disobedience of judges' orders to bring about further delay and expense.").  Moreover,

6  sanctions are appropriate as a means of deterring neglect of Rule 16 obligations. *See Media*

7  *Duplication Services v. HDG Software,* 928 F.2d 1228, 1242 (1st Cir.1991) ("We have no hesitation

8  in endorsing the use of punitive monetary sanctions as a means of deterring neglect of [a Rule 16]

9  obligation.").  The Court finds that Plaintiff should be sanctioned in the amount of $100 for his

10  failure to comply with the Court's Orders.  Payment by Plaintiff in the amount of $100 shall be

11  made, no later than September 24, 2014, as a court fine to the "Clerk, U.S. District Court." Plaintiff

12  shall file proof of payment within five days of payment.

13    The Court expects strict compliance with all Court orders, as well as the Local Rules, in the

14  future.  The Court again cautions Plaintiff that failure to do so may result in significant sanctions,

15  up to and including case-dispositive sanctions.

16  **IV.  CONCLUSION**

17    Based on the foregoing, and good cause appearing therefore, the Court hereby **SANCTIONS**

18  Plaintiff in the amount of $100, pursuant to Federal Rule 16(f) and Local Rule IA 4–1.

19    **IT IS SO ORDERED.**

20    DATED: September 3, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge